WILLIAM C. SATHER, A/K/A ANDREW A. PENSALA, PETI-
TIONER, *v.* ROGER CRIST, WARDEN OF MONTANA STATE
PRISON, AND THE STATE OF MOTANA, RESPONDENTS.

No. 12779.
Heard June 12, 1974.
Decided July 18, 1974.
524 P.2d 785.

David J. Patterson, Missoula, argued for petitioner.

Edward D. Yelsa, County Atty., Deer Lodge County, for
respondent.

PER CURIAM:

This is a Petition for Writ of Habeas Corpus by an inmate
of the state prison.

Sather, also known as Pensula, was arrested in October 1972, and charged with kidnapping in violation of section 94-2602, R.C.M. 1947, and prisoner holding a hostage in violation of section 94-2604, R.C.M. 1947.

Pursuant to the county attorney's motion, on March 30, 1973 the charge of kidnap was dropped and the petitioner pled guilty to the charge of prisoner holding a hostage on March 30, 1972. At that time he had court appointed counsel. He was sentenced to ten (10) years in the state prison on April 9, 1973.

On May 29, 1974, counsel for the Montana Defender Project brought this petition under section 95-2701, R.C.M. 1947, contending that petitioner's imprisonment is unlawful as he was sentenced by a court that did not have jurisdiction in that the charging information did not charge a statutory offense by failing to allege material elements of the crime.

Specifically petitioner alleges that he was not a person designated in section 94-2604, R.C.M. 1947, as capable of committig the specific crime charged.

Petitioner was, at the time of the alleged offense, committed to the Montana State Hospital at Warm Springs for psychiatric examination and evaluation pursuant to an order, dated September 6, 1972, by District Judge C. B. Sande of the Thirteenth Judicial District in Yellowstone County. Petitioner had been charged with burglary in Yellowstone County and on September 6, 1972, on motion of his own counsel, was ordered to the State Hospital for evaluation as to his mental state.

The order of Judge Sande stated further:

"IT IS FURTHER ORDERED that during this examination the defendant shall be detained by the Montana State Hospital at Warm Springs, Montana, and said hospital shall take such security precautions as are necessary to insure that his retention *in custody is as a criminal defendant* and he shall not be released by the hospital or its staff for any purpose during this period that he is at said hospital. Upon completion of this ex-

amination and indicated treatment, if any, he shall be turned over to the proper authorities for return to Yellowstone County for further disposition of this cause.''

The foregoing order, in its italicized part, makes clear that petitioner was a prisoner as a criminal defendant and not simply a patient.

Section 94-2604, R.C.M. 1947, provides:

''Every person committed to the Montana state prison, who, while at such state prison or while being conveyed to or from the Montana state prison, or while at a state prison farm or ranch, or while being conveyed to or from any such place, or while under the custody of prison officials, officers or employees, or while escaping or attempting to escape therefrom, holds as hostage any person within the state prison or who, unlawfully, by force or threat of force holds any person or persons against their will shall be guilty of a felony and shall be imprisoned in the state prison for a term not less than ten (10) years, such term of imprisonment to commence from the time he would have otherwise been released from said prison.''

Petitioner contends that since he had not been committed to the Montana state prison, that he simply could not be guilty of the crime to which he pled guilty; since technically he was a prisoner of the state but not committed to the state prison.

The foregoing is petitioner's position, highly technical, and simplicity in itself. However, the facts of the crime may reveal more. We do not have the district court file. Nor do we have any basis or reason for the dropping of the kidnap charge and whether there was plea bargaining. Nor can we tell whether two other codefendants in the case were such as to make this defendant a principal. In other words, we do not have sufficient information to make a determination.

Accordingly, we issue a Writ of Habeas Corpus returnable before the Honorable Robert J. Boyd, of the Third Judicial District at Anaconda, Montana. The Clerk of this Court

will transmit by mail copies of the petition and supporting papers together with the return to the District Court. The District Court may set a date for hearing at its convenience and give notice to counsel.